CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent, vs. RAILROAD COMMISSION OF WISCONSIN, Appellant.

*September 15—October 11, 1927.*

*Carriers: Excessive charges: Jurisdiction of railroad commission: Action to recover excessive amounts paid: Right of carrier to assert defenses.*

1. The railroad commission has authority, under secs. 195.17 and 195.54, Stats., to investigate, hear, and decide questions relating to overcharges and to make appropriate orders permitting and authorizing, but not attempting to compel, a

Chicago, M. & St. P. R. Co. v. Railroad Comm. 194 Wis. 24.

public. utility to refund any amount found to be excessive, unlawful, or unreasonable. p. 27.

2. An order of the commission authorizing a railroad company to refund $140 excess demurrage was not in the nature of a judgment, but the only effect of the order was to give apparent or *prima facie* authority to the railroad company to pay the shipper that which, except for the order, might seem to be an unlawful preference of such particular shipper, which might subject the railroad to a penalty under secs. 195.39 and 195.40, Stats., or the shipper under sec. 195.41. pp. 27, 28.

3. Such order did not deprive the railroad company of the right to have its claim passed upon by the courts, since, if the carrier refuses to make the refund, the party aggrieved may maintain an action in the courts under sec. 195.54; and in such action the findings of the commission are *prima facie* evidence only of the truth of the facts found by it, and in the trial the carrier may assert any legitimate defenses that it may have to the order. p. 28.

APPEAL from a judgment of the circuit court for Dane county: A. G. ZIMMERMAN, Circuit Judge. *Reversed.*

In 1923 the Monad Construction Company ran up certain demurrage charges with the plaintiff. Negotiations concerning them commenced in December and continued until June, 1924. The railroad company claimed $962; the construction company apparently conceding at times its correctness up to $683. Failing payment or adjustment, the railroad company sued in the civil court of Milwaukee county in June, 1924, and the Monad Construction Company answered denying liability; such suit is apparently still pending.

In August, 1924, the Monad Construction Company, under the provisions of the established freight tariff concerning demurrage rules and charges, requested the railroad company to enter into a so-called "average agreement" to cover certain proposed freight shipments the construction company then had in contemplation in connection with its highway work.

Such average demurrage agreement as distinguished from a straight demurrage plan permits a system of charges for delay, and credits for promptness, in unloading of freight

cars, with provision for the balancing thereof and payment of balances monthly. A part of such tariff reads:

"Section F. A party who enters into this average agreement may be required to give sufficient security to this railroad for the payment of balances at the end of each month."

A form of such an agreement in accordance with such tariff rules was furnished the construction company by the railroad company, executed by the former and returned to the latter, which did not execute the same; basing this refusal, as it is here contended by the construction company, because they refused to pay the 1923 demurrage charges. The railroad company by its pleadings, both before the *Commission* and in this case, practically conceded that it did demand the payment of such charges, but also contended that it insisted, as a precedent condition, that the construction company should furnish the bond specified in the above quoted clause. Shipments were made in September and October, 1924, over the plaintiff's road, and in order to secure delivery the construction company paid, under protest, the straight demurrage charges.

In November, 1924, the construction company petitioned the defendant *Railroad Commission* for an order directing the plaintiff to refund $140 of such paid demurrage, such amount being concededly the excess under the straight demurrage rate over that which the construction company would have been required to pay had such proposed average agreement been in force.

The railroad company, among other things, objected to the jurisdiction of the *Railroad Commission*, and asserted further that no bond had ever been tendered to it by the construction company.

Upon the hearing the *Commission* held that the privileges to the shipper under such an average agreement should have been extended and that therefore the $140 excess payment was erroneous, illegal, unusual, and exorbitant, and that the railroad company is authorized to refund such sum. This

action was then brought in the circuit court for Dane county
to vacate and set aside said order of the *Railroad Commission*. The court below vacated and set aside such order as
unlawful.    The *Railroad Commission* appeals.

For the appellant there was a brief by the *Attorney General* and *Suel O. Arnold,* assistant attorney general, and oral ·
argument by *Mr. Arnold.*

For the respondent there was a brief by *H. J. Killilea* and
*Rodger M. Trump,* both of Milwaukee, and oral argument
by *Mr. Trump.*

ESCHWEILER, J.    The ground upon which the order of
the *Railroad Commission* in the instant case was held invalid is stated to be that the *Railroad Commission,* upon the
petition to have the railroad company authorized to refund
the $140 excess demurrage, unlawfully assumed a judicial
function of determining contested questions of fact.    This
result, it is contended, is required by the holding of this
court in *Waukesha G. & E. Co. v. Waukesha M. Co.* 175
Wis. 420, 184 N. W. 702.    That case, however, passed upon
a contest over a counterclaim which was based upon assertion of a breach of contract entered into between the plaintiff, a public utility, and the defendant for the furnishing by
the utility of a certain agreed quantity of gas.    It involved
a purely contractual relationship and not as here the alleged
violation of a statutory obligation.    It was there· held that
such a dispute was for the courts and not for the *Railroad Commission.*    It there expressly recognized, however
(p. 423), the rule which must control here, namely, that for
overcharges or inadequate service the *Railroad Commission*
is given authority to investigate, hear, and decide, and make
appropriate orders permitting and authorizing but not attempting to compel the public utility to refund any amount
so found to be excessive, unlawful, or unreasonable.    The
order by the *Railroad Commission* here was not in the nature
of a judgment against the railroad company nor did the

*Commission* undertake in any way to enforce such order. The real and only effect of such order is to give apparent or *prima facie* authority to the railroad company to pay to any particular shipper that which, except for such average agreement or such an order, might seem to be an unlawful preference of such particular shipper and therefore might subject the railroad to a penalty under secs. 195.39 (sec. 1797—22) and 195.40 (sec. 1797—23), or the shipper under sec. 195.41 (sec. 1797—24).

The proceedings before the *Railroad Commission* were in accordance with the express authority granted to that body by sec. 195.17 (sec. 1797—12) and in compliance with sec. 195.54 (sec. 1797—37*m*), Stats.

As provided in said sec. 195.54, passed upon in the *Waukesha Case, supra,* the refusal of the carrier to make such an authorized refund permits the party aggrieved to maintain an action in the courts of the state to recover the amount of any such excessive charge so found, and on such trial the findings of the *Commission* shall be *prima facie* evidence only of the truth of the facts found by it.

Plainly, therefore, the railroad company may be heard to assert in any such subsequent trial any and all legitimate defenses that it may have or had to such an order if it elects to stand suit.    In such situation we cannot see that any constitutional rights of the railroad company to have its claims passed upon by the courts of this state have been infringed.

The result reached here is in accord with numerous prior decisions of this court: *Frank A. Graham Ice Co. v. C., M. & St. P. R. Co.* 153 Wis. 145, 140 N. W. 1097; *Chippewa Power Co. v. Railroad Comm.* 188 Wis. 246, 205 N. W 900; *Commonwealth Tel. Co. v. Carley,* 192 Wis. 464, 213 N. W. 469.

The judgment below must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.